# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CURTIS MOORMAN**                                                                         **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:18-CV-P21-TBR**

**TROY BELT** *et al*.                                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Curtis Moorman leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint (DN 9) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF AMENDED COMPLAINT

Plaintiff is incarcerated at Kentucky State Penitentiary (KSP). He brings this action against five named KSP officials in both their official and individual capacities - KSP Unit Administrator Troy Belt, Lieutenant Jesse Coombs, Sergeant Brandon Inglish, Officer Nathaniel Deboe, and Officer Pillion - and "Three John Doe Officers (Unknown)."

In the amended complaint, Plaintiff writes as follows:

> On June 29, 2017, excessive force was used against me by [Defendants Inglish and Deboe] when [Defendant] Inglish shot me with an X-26 Taser and [Defendant] Deboe activated an electric shock shield on me while I was strapped down in a restraint chair. [Defendants Belt, Coombs, and Inglish] violated policy by leaving me in the restraint chair for 4 hours. On June 30, 2017, excessive force was used on me by unnamed officers while escorting me to be interviewed by Internal Affairs when officers twisted my wrist up so bad I was forced to walk hunched over, my head was rammed into 16 doors, I was ran headfirst into a metal gate and pushed down a flight of stairs. On July 5, 2017, unnecessary and wanton infliction of pain was maliciously and sadistically inflicted in bad faith to caused harm was used by [Defendants Deboe and Pillion] and several unnamed

officers while I was being escorted to be interviewed . . . when [Defendants Deboe and Pillion] placed handcuffs on me so tight my circulation was cut off instantly and again my wrists were twisted and brought up so high behind my back until my head was near my ankles between my knees and I was forced to walk in a hurried pace while my head was rammed into the 16 doors along the walk (steel cell doors) and again I was slammed into a huge steel gate and pushed down a flight of stairs again. The same thing was done to me on my way back to my cell and once I was placed in my cell officers pulled my arms through the tray slot and grabbed the handcuffs and kicked off my cell door while jerking on my handcuffs in an attempt to break my wrists before finally uncuffing me. On July 6, 2017, the same two officers came to escort me . . . and the same identical mentioned force was applied to me as it had been done the day before, it was repeated.

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of "transfer to [a] different facility."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

3

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

Plaintiff sues the named Defendants in their official capacities. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the claims seeking money damages from state officers or employees in their official capacities are not cognizable claims under § 1983. Additionally, the Eleventh Amendment[1] acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff's official-capacity claims for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

The Court will, however, allow Plaintiff's official-capacity claims against the named Defendants to proceed for injunctive relief at this time. *Stevens v. Mich. Dep't of Corr.*, No. 17-1983, 2018 U.S. App. LEXIS 9279, at *14 (6th Cir. Apr. 12, 2018) ("Sovereign immunity does not apply to official-capacity actions seeking prospective injunctive relief.") (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)).

### B. Individual-Capacity Claims

The Court now turns to Plaintiff's excessive-force claims against the named Defendants in their individual capacities. "The Eighth Amendment proscribes the unnecessary and wanton

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

infliction of pain against prisoners." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)

An Eighth Amendment claim consists of both subjective and objective components. *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

Based upon the allegations contained in Plaintiff's amended complaint, the Court will allow Plaintiff's claims of excessive force to proceed against Defendants Belt, Coombs, Inglish, DeBoe, and Pillion in their individual capacities.

**C. "Three John Doe Defendants"**

The Court will also allow Plaintiff's excessive-force claims to proceed against the "Three John Doe Officers (Unknown)" at this time. "Although designation of a 'John Doe' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify [the] defendant through discovery." *Yates v. Young*, 772 F.2d 909 (6th Cir. 1985). Thus, the Court will allow Plaintiff an opportunity to learn the names of the unknown Defendants through discovery and to amend his complaint to name them as Defendants in their individual capacities and to describe exactly what actions each took against him.

However, in so doing, the Court advises Plaintiff that Federal Rule of Civil Procedure 4 provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a

specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim against relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**Plaintiff shall have 90 days to file an amended complaint in which he names the "John Doe Defendants" in their individual capacities and describes the excessive force each allegedly used against him. Plaintiff's failure to timely amend his complaint to name these Defendants may result in their dismissal from the action.**

The Court passes no judgment on the merits or ultimate outcome of the claims it has allowed to proceed in this review. The Court will enter an Order Directing Service and Scheduling Order to govern the continuing claims.

Date:

cc: Plaintiff, *pro se*
　　　Defendants
　　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011