# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

CURTIS MOORMAN                                                                                          PLAINTIFF

v.                                                                               CIVIL ACTION NO. 5:18-CV-P21-TBR

TROY BELT *et al.*                                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion for leave to file a supplemental complaint (DN 17). For the following reasons, the Court will deny this motion as futile.

### I. SUMMARY OF SUPPLEMENTAL COMPLAINT

By Memorandum Opinion and Order entered this date, the Court conducted an initial review of Plaintiff's second amended complaint and allowed claims to proceed against various Kentucky State Penitentiary (KSP) officials for violating Plaintiff's constitutional rights by using excessive-force and retaliating against him.

In the supplemental complaint now before the Court, Plaintiff alleges that three KSP officials violated his rights in May 2018. The supplemental complaint names two additional KSP officials as Defendants – George Henson and Stephen Mitchell – and also makes allegations against Defendant Perry Sanders.

Plaintiff alleges that on May 17, 2018, these three individuals "placed me on property restriction wherein all personal and state property - to include clothes, drinking cups, toilet paper, bed linens, etc., - was taken out of my cell." Plaintiff then alleges that on May 19, 2018, "when I was to be given all of my personal property back after being removed off property restriction, I was told that my personal property could not located." On May 20, 2018, Plaintiff "talked to

[KSP official] Mitchell and explained to him that my property was missing and he said he would go find it." Plaintiff then writes: "Upon receiving my personal property, I realized that I was missing legal documents to include letters received from the Court and also my 2nd amended complaint to the Courts – and when I asked about my legal work I was told that I was given everything that was in my bag and that no one inventoried my property."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of transfer to another facility.

## II. ANALYSIS

Rule 15 governs amended and supplemental proceedings. Courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a plaintiff should not be granted leave to amend the complaint when the proposed amendment would be futile. *See Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (in deciding whether to grant leave to amend, the Court should consider futility of amendment).

The Court can discern no violation of Plaintiff's constitutional rights based upon the allegations set forth in his supplemental complaint. The supplemental complaint seems to be premised on the fact that KSP officials took and then lost some of Plaintiff's legal documents pertaining to this action. The Court construes these allegations as an attempt to state a claim under the First Amendment for denial of access to the courts. However, to succeed on such a claim, a prisoner must generally allege that a prison official's interference with his legal mail has affected the prisoner's access to the courts. *Stanley v. Vining*, 602 F.3d 767, 770 (6th. Cir. 2010) (citing *Pilgrim v. Littlefield*, 92 F.3d, 413, 416 (6th Cir. 1996)) ("In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation."). Here, Plaintiff has not alleged that the loss of the legal

documents described above prejudiced him in this action.  Moreover, he cannot do so because he filed a copy of his second amended complaint on the same date the instant motion was filed. Thus, the supplemental complaint fails to state a claim upon which relief may be granted.  *See also Armstrong v. Brunsman*, No. 10-4197, 2011 U.S. App. LEXIS 26489, at *3-4 (6th Cir. Oct. 27, 2011) (dismissing denial-of-access-to-courts claim based upon allegations that plaintiff's legal property had been taken by prison officials because the plaintiff "failed to plead and prove prejudice"); *Sprinkle v. Barksdale*, No. 7:08CV00430, 2009 U.S. Dist. LEXIS 57416, at *19-20 (W.D. Va. July 6, 2009) (dismissing access-to-courts claim based upon allegation that a prison official kept copies of court documents because the plaintiff did explain how this action caused any injury to his litigation efforts).

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a supplemental complaint (DN 17) is **DENIED as futile**.

Date:  July 10, 2018

Thomas B. Russell, Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011

3