# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**CURTIS MOORMAN**                                                     **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 5:18-CV-P21-TBR**

**TROY BELT** *et al*.                                            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Curtis Moorman leave to proceed *in forma pauperis*. This matter is before the Court upon a motion by Plaintiff for leave to file a second amended complaint (DN 18). **IT IS HEREBY ORDERED** that this motion is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiff's previous complaint and amended complaint are **DISMISSED** as "nullities" because "an amended complaint supercedes all prior complaints." *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008).

The Court will now conduct a screening of Plaintiff's second amended complaint (DN 18) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff names the following as Defendants in this action – Kentucky State Penitentiary (KSP) and the following KSP officials: Brandon Inglish, Jesse Coombs, Troy Belt, Jorge Pillion, Aaron Jewell, Tami Bauer, Nathaniel DeBoe, and Perry Sanders.[1,2] Plaintiff sues the individual Defendants in both their official and individual capacities.

---

[1] Plaintiff has properly added new Defendants in his second amended complaint. However, throughout this complaint, he also makes allegations against KSP officials whom he has not named as Defendants. Because

Plaintiff first alleges that on June 29, 2017, Defendants Inglish, Deboe, and Sanders were involved in an incident in which Plaintiff was placed in a restraint chair and both a "shock shield" and taser were used upon him. Plaintiff states that he was then left in the restraint chair for two hours.

Plaintiff alleges that on July 5, 2017, Defendants DeBoe, Pillion, Jewell, and Coombs were sent to escort him to an interview and that they rammed his head into 16 doors, slammed him into a metal gate, and pushed him down a flight of stairs.

Plaintiff then states that on July 6, 2017, Defendants Deboe and Pillion used the same force against him when they escorted him to and from his adjustment committee hearing.

Plaintiff states that Defendants Sanders, Jewell, and Bauer "all aided by physically participating in the assaults and/or encouraged officers who did participate to continue these assaults . . . ."

Plaintiff also seems to claim that Defendants Coombs, Belt, Inglish, Pillion, Sanders, and Deboe retaliated against him for filing grievances about the way he had been treated by providing "false information" about him in a misconduct investigation and "disciplining him falsely."

Finally, Plaintiff states that although he has completed "all disciplinary segregation," he has "now been confined to administrative segregation in excess of 305 days which has created an atypical and significant hardship in relation to the everyday experiences of prison life."

---

Plaintiff did not name these individuals as Defendants in his second amended complaint, his allegations against them are not properly before the Court.
[2] In addition, although Plaintiff named "Three John Doe Officers" as Defendants in his amended complaint, he does not name them as Defendants in his second amended complaint. Therefore, the Court will terminate them as parties to this action.

Plaintiff claims that his rights have been violated under the First, Eighth, and Fourteenth Amendments. He also claims that unconstitutional policies, procedures, practices, and customs were the moving force behind the violation of his constitutional rights.

As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that

offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Kentucky State Penitentiary

KSP is part of the Kentucky Department of Corrections (KDOC). The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250 (1). A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 U.S. App. LEXIS 20924, at *3 (6th Cir. Aug. 1, 1997) ("The prison is a state agency . . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because KSP is not a "person" under the Act, the Court will dismiss the claims against KSP for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment[3] acts as a bar to all claims for relief against KSP. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (l978). Thus, because Kentucky has not waived its immunity, *Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), Plaintiff's claims against KSP are barred.

### B. Official-Capacity Claims

Plaintiff sues the individual Defendants in their official capacities. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will*

---

[3] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

*v. Mich. Dep't of State Police*, 491 U.S. at 71. Thus, the claims seeking money damages from state officers or employees in their official capacities are not cognizable claims under § 1983. Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Accordingly, Plaintiff's official-capacity claims for damages will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

The Court will, however, allow Plaintiff's official-capacity claims against the individual Defendants to proceed for declaratory and injunctive relief at this time. *Stevens v. Mich. Dep't of Corr.*, No. 17-1983, 2018 U.S. App. LEXIS 9279, at *14 (6th Cir. Apr. 12, 2018) ("Sovereign immunity does not apply to official-capacity actions seeking prospective injunctive relief.") (citing *Ex parte Young*, 209 U.S. 123, 159-60 (1908)); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) ("Under the *Ex parte Young* exception, a federal court can issue prospective injunctive and declaratory relief compelling a state official to comply with federal law . . . .")

**C. Individual-Capacity Claims**

**1. First Amendment Retaliation Claims**

Plaintiff claims that Defendants Coombs, Belt, Inglish, Pillion, Sanders, and Deboe retaliated against him for filing grievances about the way he had been treated by providing "false information" about him in a misconduct investigation and "disciplining him falsely." The Court will allow Plaintiff's First Amendment retaliation claims to proceed against these Defendants in their individual capacities at this time.

### 2. Eighth Amendment Cruel and Unusual Punishment Claims

#### a. Excessive Force

Based upon Plaintiff's allegations, the Court will allow Eighth Amendment excessive-force claims to proceed against Defendants Inglish, Deboe, Sanders, Pillion, Jewell, Coombs, and Bauer in their individual capacities at this time.

#### b. Segregation

Plaintiff also seems to claim that his placement in segregation for over "305 days" violates his rights under the Eighth Amendment. The Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Indeed, the Sixth Circuit has held that "[b]ecause placement in segregation is a routine discomfort that is part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment violation." *Harden-Bey v. Rutter*, 524 F.3d 789, 795(6th Cir. 2008) (holding allegations of confinement in administrative segregation for "three years and running" failed to state an Eighth Amendment claim) (citation omitted). Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### 3. Fourteenth Amendment Due Process Claims

Finally, Plaintiff also seems to claim that his rights have been violated under the Fourteenth Amendment by his continued placement in segregation.

A prisoner's ability to challenge a prison misconduct investigation and conviction depends on whether the actions implicated any liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to *Sandin*, a prisoner is entitled to the protections of due process only when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of his sentence." *Id.* at 487.

With regard to Plaintiff's claims based on his placement in disciplinary segregation, courts generally consider the nature and duration of a stay in segregation in determining whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d at 795-96. The Sixth Circuit has held that mere placement in administrative segregation, and placement for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995) (holding 61 days in segregation is not atypical or significant). The Sixth Circuit has also held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g.*, *Jones v. Baker*, 155 F.3d 810, 812-13 (1998) (holding two years of segregation while the inmate was investigated for the murder of a prison guard in a riot not an atypical deprivation); *but cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (holding 13 years of segregation implicates a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (eight

years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest). This Sixth Circuit jurisprudence suggests that Plaintiff's alleged placement in segregation for over 305 days and counting fails to constitute "atypical and significant" hardship warranting the protections of due process. *See also Dunbar v. Barone*, 487 Fed. App'x 721, 724-725 (3d Cir. July 10, 2012) (holding 18 months in segregation did not amount to atypical and significant hardship); *Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (holding seven months in disciplinary confinement did not implicate a protected liberty interest); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (holding 15 months in segregation was not an atypical and significant hardship).

Accordingly, the Court will dismiss Plaintiff's Fourteenth Amendment due process claims for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against KSP and his official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's Eighth Amendment and Fourteenth Amendment claims based upon his placement in segregation are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Court will allow the following claims to proceed at this time**: Plaintiff's official-capacity claims against all individual Defendants for declaratory and injunctive relief; his First Amendment retaliation claims against Defendants Coombs, Belt, Inglish, Pillion, Sanders and Deboe in their individual capacities; and his Eighth Amendment excessive-force claims against Defendants Inglish, Deboe, Sanders, Pillion, Jewell, Coombs, and Bauer in their individual-capacities.

The Clerk of Court is **DIRECTED** to **add Perry Sanders, Aaron Jewell, and Tami Bauer** as Defendants to this action. The Clerk of Court is further **DIRECTED** to **terminate the "Three John Doe Officers" as parties to this action**.

The Court passes no judgment on the merits or ultimate outcome of the claims it has allowed to proceed in this review. The Court will enter an Amended Order Directing Service and Scheduling Order to govern the continuing claims.

Date: July 10, 2018

*[signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
   Defendants
   General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.011