FILED
JAMES J. VILT, JR. - CLERK

MAR 20 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CURTIS MOORMAN, ET AL.                                    PLAINTIFFS

v.                                                              No. 5:18-cv-21

JESSE COOMBS, ET AL.                                     DEFENDANTS

\* \* \* \* \*

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. *First*, we will discuss your duties and the general rules that apply in every civil case. *Second*, I will explain the legal elements, or questions, that you must determine to decide the claim in question. Then I will pause, and you will hear closing arguments from the lawyers—but remember that those do not bind you like my instructions do. *Third*, and finally, I will talk to you about how this group, as a jury, will deliberate and decide this case.

## DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in the courtroom. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. It's my job to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The parties, lawyers, and I expect that you will carefully and impartially consider all of the evidence, follow the law as I explain it to you, and reach a just verdict—regardless of the consequences.

1

You must consider only the evidence in the case. Unless I instruct you otherwise, the evidence in the case consists of the sworn testimony of the witnesses (regardless of who called them), all exhibits received in evidence (regardless of who offered them), and all facts and events that may have been admitted or agreed to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

You have heard the testimony of prison inmates and correctional officers alike. The fact that a witness is incarcerated or employed at a prison does not mean that his testimony necessarily deserves greater or lesser weight than that of any other witness. You must decide, after reviewing all the evidence, whether you believe the testimony of these witnesses and how much weight, if any, it deserves.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence, like the testimony of an eyewitness, which (if you believe it) would directly prove a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Circumstantial evidence is simply evidence that tends to prove a fact indirectly. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining. The law makes no distinction between the weight that you should give to either type of evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

The Plaintiffs have asserted several claims against the Defendants. The party asserting a claim generally has the burden of proving its case against the other party by what is called a "preponderance of the evidence." That phrase does not, of course, require proof to an absolute certainty. Rather, it means that the party asserting a claim must present evidence that, considered in light of all the facts, persuades you

2

that what the party claims is more likely to be true than not true.

This standard does not require "proof beyond a reasonable doubt." That is an even stricter standard that applies in criminal cases. It does not apply in civil cases, like this one. So you should disregard it. The standard here is whether the evidence establishes that a fact is more likely true than false.

## RULES OF LAW

### I. Eighth Amendment Excessive Force – Shock Shield

All three Plaintiffs bring claims against Defendant Deboe for using excessive force when he activated the shock shield.

To prove excessive force under the Eighth Amendment, a Plaintiff must show:

1) Defendant Deboe intentionally used force on that Plaintiff;

2) Defendant Deboe did so maliciously and sadistically for the purpose of harming the Plaintiff, and not in a good-faith effort to maintain or restore security or order; and

3) Defendant's conduct harmed the Plaintiff. If Defendant's use of force caused pain to the Plaintiff, that is sufficient harm, even if the Plaintiff did not require medical attention or did not have long-lasting injuries.

If you find that a Plaintiff has proved these three things by a preponderance of the evidence as to the Defendant, then you must decide for that Plaintiff, and go on to consider the question of damages caused by the Defendant.

If you find that a Plaintiff has *not* proved one or more of these elements as to the Defendant, then you must find for the Defendant. Use the verdict forms below, which correspond to each Plaintiff, to record your verdict.

In considering whether a Plaintiff has proved that a Defendant used force for the purpose of harming the Plaintiff, you should consider all of the circumstances. Specifically, you may consider the need to use force, the relationship between the need to use force and the amount of force used, the extent of the Plaintiff's injury, the threat reasonably perceived by the officers, and any efforts made to temper the severity of a forceful response. You may also consider the severity of the Plaintiff's injury.

Force used on an individual who is compliant and presents no risk of harm to themselves or others is necessarily excessive. But an officer is entitled to use some force if a prisoner disobeys a valid command. You may nonetheless consider whether the force used was excessive. Finally, a subordinate officer cannot escape liability if, in following a superior's order, the subordinate knew or should have known that executing the order would violate the prisoner's rights.

You may infer "malice" from an officer's actions and the surrounding circumstances. The Plaintiffs need not prove a Defendant's state of mind.

If you find all three of the elements above to be established for one or more

4

Plaintiffs, answer "Yes" to Question #1 on that Plaintiff's Shock Shield Verdict Form and follow the subsequent instructions. If you do not find all three elements above for a particular Plaintiff, answer "No" to Question #1 on that Plaintiff's Shock Shield Verdict Form and follow the subsequent instructions.

## II. Eighth Amendment – Supervision of the Shock Shield

All three Plaintiffs bring claims against Defendant Inglish based on his alleged supervision of officers who used excessive force against the Plaintiffs when they were shocked by the shock shield.

To prove that Inglish himself is liable for an excessive use of force, the Plaintiff must establish that Inglish:

1) Supervised officers who used excessive force;

2) Observed or had reason to know that excessive force would be or was being used; and

3) Had both the opportunity and the means to prevent the harm from occurring.

In deciding whether the officers used excessive force, you should follow the instruction from the prior page and assess whether:

4) The officers intentionally used force on the Plaintiff;

5) The officers did so maliciously and sadistically for the purpose of harming the Plaintiff, and not in a good-faith effort to maintain or restore security or order; and

6) The officers' conduct harmed the Plaintiff. If the officers' use of force caused pain to the Plaintiff, that is sufficient harm, even if the Plaintiff did not require medical attention or did not have long lasting injuries.

To answer these questions, you may consider the same factors listed in the excessive-force instruction above.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for that Plaintiff and go on to consider the question of damages.

### III. Eighth Amendment – Supervision of the Restraint-Chair Placement

All three Plaintiffs bring claims against different Defendants based on their alleged supervision of officers who used excessive force against the Plaintiffs when they placed the Plaintiffs into restraint chairs.

To prove that the Defendants themselves are liable for an excessive use of force, the Plaintiff must establish that the Defendant:

1) Supervised the officers who used excessive force;

2) Observed or had reason to know that excessive force would be or was being used; and

3) Had both the opportunity and the means to prevent the harm from occurring.

In deciding whether officers used excessive force, you must assess whether:

4) The officers intentionally used force on the Plaintiff;

5) The officers did so maliciously and sadistically for the purpose of harming the Plaintiff, and not in a good-faith effort to maintain or restore security or order; and

6) The officers' conduct harmed the Plaintiff. If the officers' use of force caused pain to the Plaintiff, that is sufficient harm, even if the Plaintiff did not require medical attention or did not have long-lasting injuries.

To answer these questions, you may consider the same factors listed in the excessive-force instruction above.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence, then you must decide for that Plaintiff and go on to consider the question of damages.

## IV. Compensatory Damages

If you find in favor of a Plaintiff, then you must determine the amount of money that will fairly compensate that Plaintiff for any injury that you find he sustained as a direct result of a Defendant's excessive force and/or supervision.

A Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the physical and mental and emotional pain and suffering that a Plaintiff has experienced. No evidence of the dollar value of physical, mental, or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

## V. Punitive Damages

If you find for a Plaintiff, you may, but are not required to, assess punitive damages against the relevant Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to the Defendant and others not to engage in similar conduct in the future.

A Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages against a Defendant only if you find that his conduct was malicious or in reckless disregard of the Plaintiff's rights. Conduct is malicious if it is accompanied by ill will, spite, or is done for the purpose of injuring a Plaintiff. Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, the Defendant simply did not care about a Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of the Defendant's conduct;

- the impact of the Defendant's conduct on the Plaintiff;

- the relationship between the Plaintiff and the Defendant;

- the likelihood that the Defendant would repeat the conduct if an award

>    of punitive damages is not made;
>
> - the Defendant's financial condition; and
>
> - the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

## JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in Court.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form in accordance with the jury's verdict, write the date, and sign the verdict form on behalf of the jury. You will then tell the court security officer and return with your verdict to the courtroom.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial. But you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory that is aided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the court security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the court security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict, or answer to any verdict form question, must be unanimous. All nine members of the jury must agree on every answer to the questions and on the verdict.

The verdict forms below have been prepared for your convenience. You will take these forms to the jury room and, when you have reached a verdict, fill them out according to the jury's decision. You will then tell the court security officer

and return with your verdicts to the courtroom. All nine of you must unanimously agree on the verdicts.

11